# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CYNTHIA NORRIS, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00662-AWI-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Leroy Gomez ("Plaintiff"), a county jail inmate proceeding pro se and in forma pauperis, initiated this civil action on May 11, 2020. Plaintiff's complaint is currently before the Court for screening. (Doc. No. 1.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Further, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28

1

U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Lerdo Pre-Trial Facility in Bakersfield, California. The allegations in the complaint are alleged to have occurred in Kern County, California. Plaintiff names the following defendants: (1) Cynthia Norris, Kern County District Attorney; (2) Nick Roth, Public Defender; (3) Samantha Sark, Public Defender; and (4) Armando Pantoja, Jr., Arvin Police Officer.

In Claim I, Plaintiff asserts a violation of the Due Process Clause of the Fourteenth Amendment and alleges as follows:

> On July 23, 2019, D.A. Cynthia Norris maintained litigation on trumped up charges despite the lack of evidence. She even allowed Arvin police officer Armando Pantoja, Jr. to commit perjury in the face of a magistrate at my preliminary. During the submission of Judge Louie Vega defense moved for a dismisal [sic] of count (2) P.C. 273, prosecution retaliated by amended P.C. 245 despite the lack of evidence. This is a vindictive prosecution of the basic sort. From July to December it appeared on the complaint, despite a lack of evidence, eventually I will amend this complaint with the prosecutors who litigate this charge. I believe the prosecutor can only amend the complaint from the evidence of the preliminary hearing. I also believe that the prosecutors [sic] office and the public defender office conspired against me in an act of entrapment based on the

facts that I possess.  I bring them to light.

(Doc. 1 at 3.) Plaintiff contends that this action "gives rise to a vindictive prosecution," which is a "constitutional violation." (Id.) He further contends that he has been unlawfully restrained and displaced.

In Claim II, Plaintiff asserts violations of the Sixth and Fourteenth Amendments based on "ineffective assistance." (Doc. 1 at 4.) He alleges as follows:

> Public Defenders Nick Roth and Samantha Sark provided ineffective assistance during my proceedings.  I requested many times to file vindictive prosecuting motions or discriminatory prosecutions and they denied me.  They never objected to Double Jeopardy and other constitutional violations.  They lied to me telling me "Murgia Motions" [were] only for race based things.  I requested from the beginning of this case self defense (in defense of other) they did not present this defense like I requested.  Instead videos that I needed to exonerate me [were] suppressed and I believe that they [were] ion conspiracy against me.  This is an act of obstruction of justice and against the rules of professional conduct.  I also believe they entrapped me, because they [were] insistant [sic] that I take a plea bargain, if I didn't they would refile charges (that are groundless).  They even brought me three documents that had "no merit," I denied, they refiled on groundless charges (P.C. 422) Defense Counsel acted as undercover Agents for the prosecution.

(Doc. 1 at 4.) Plaintiff believes that these defendants helped to maintain a discriminatory prosecution and did little to retrieve exculpatory videos.  Plaintiff further asserts that these defendants never objected and that their skills fell below standard.

In Claim III, Plaintiff contends that he was subjected to cruel and unusual punishment and alleges as follows:

> On the day of arrest, June 23, 2019, Armando Pantoja, Jr. place me in a car, with the windows roled [sic] up, no AC, in 105° degree weather.  He showed poor treatment towards a prisoner, not even taking my side of the story.  I got his attention by kicking the door.  Ham and Sargent Breana Padilla ignored my requests and left me [to] suffer a little more in a car in extremally [sic] hot weather.  And during the preliminary hearing he testified that I had kicked him while I was being transported to the sheriff's facility Bakersfield.  The Arvin Police Dept. car port has plenty [of] video, they should have preserved the video for record.  Also they failed to show up to first preliminary hearing.  As I have said in Claim I, Cynthia Norris let him commit perjury.  If indeed I would have kicked him he would have reported it to the downtown facility deputies and I would be a high risk detainee.  Eventually I will amend this complaint with Sargent Padilla because she also commited [sic] perjury in her report.  As I had said before I was entraped [sic]. [¶] He lied under oath to maintain this unlawful restraint.  He also caused personal injury to testicles placing me in car.  Only one video was booked in evidence, why not the car port incident because it didn't happen[ ].  This is outrageous police misconduct and entrapment, conspiracy.

3

(Doc. 1 at 5.)

Plaintiff seeks "unlawful detention relief." (Doc. 1 at 6.) He also seeks lost wages, release and compensation.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20, and fails to state a cognizable federal claim. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the identified deficiencies to the extent he can do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

#### B. Federal Rules of Civil Procedure 18 and 20

Insofar as Plaintiff is attempting to assert unrelated claims against unrelated parties in a single action, he may not do so. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law

or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. Thus, Plaintiff may not bring in one case all claims he has arising from different incidents involving different defendants. For instance, Plaintiff may not bring claims against Defendants Roth and Sark related to their representation of Plaintiff in a criminal prosecution and a claim against Defendant Pantoja, Jr., related to the conditions of Plaintiff's arrest in the same action.  Unrelated claims involving multiple defendants belong in different suits. See George, 507 F.3d at 607.

### C. Plaintiff's Claims for Release from Custody

Plaintiff cannot obtain release from custody in a § 1983 proceeding. The federal remedy for challenging confinement is a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

### D. Plaintiff's Claims Against Kern County District Attorney

Plaintiff appears to assert a § 1983 claim against Cynthia Norris, Kern County District Attorney based on allegations related to Plaintiff's criminal prosecution.

Prosecutors are absolutely immune from civil suits for damages under § 1983 that challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Patchtman, 424 U.S. 409, 424–28, 431 (1976); see also Van de Kamp v. Goldstein, 555 U.S. 335, 342–43 (2009); Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005); Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case). Here, Plaintiff's allegations relate to functions intimately associated with a criminal prosecution.  As a result, Plaintiff fails to state a claim claims against the Kern County District Attorney.

### E. Plaintiff's Claims for Malicious Prosecution

For a constitutional claim of malicious prosecution under § 1983, a plaintiff must show that the prosecution "(1) was commenced by or at the direction of the defendant and was pursued

5

to a legal termination in [the] plaintiff's[ ] favor; (2) was brought without probable cause; ...(3) was initiated with malice," and (4) was brought "for the purpose of denying [the plaintiff] equal protection or another specific constitutional right." Mills v. City of Covina, 921 F.3d 1161, 1169 (9th Cir. 2019) (citing Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004)).

Plaintiff's complaint does not provide sufficient factual information to state a cognizable claim for malicious prosecution against any defendant. Plaintiff has not adequately alleged that any prosecution was terminated in his favor, was brought without probable cause, or was initiated with malice.

### F.     Plaintiff's Claims Against Kern County Public Defenders

Plaintiff brings suit against Defendants Nick Roth and Samantha Sark for actions performed as Plaintiff's public defenders. To state a claim under § 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law [pursuant to 42 U.S.C. § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff's claims against his public defenders all relate to their function as Plaintiff's advocates (i.e. refusing to present certain defenses and evidence and recommending a plea bargain). Therefore, Plaintiff's claims against Defendants Roth and Sark fail.

### G.     Plaintiff's Claims for Cruel and Unusual Punishment

Plaintiff appears to assert a Fourth Amendment claim arising from his arrest and subsequent detention in a car with the windows rolled up in 105° heat.

Where a claim of excessive force arises in the context of an investigatory stop, arrest, or other "seizure" of a free citizen, the claim is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." Graham v. Connor, 490 U.S. 386, 388 (1989). Although the Ninth Circuit has not squarely addressed the issue of a post-arrest detention in a hot, unventilated police vehicle in a published decision, it appears that this conduct can constitute excessive force under the Fourth Amendment. See Kassab v. San Diego Police Dep't, 453 Fed.

6

App'x 747, 748 (9th Cir. 2011) (finding genuine issue of material fact existed as to whether police used excessive in leaving arrestee in hot police car in violation of the Fourth Amendment); see also Burchett v. Kiefer, 310 F.3d 937, 945 (6th Cir. 2002) (post-arrest detention in police vehicle with windows rolled up in 90 degree heat for three hours constituted excessive force under the Fourth Amendment); Gonzalez v. E. Los Angeles Sheriff Dep't, No. 2:19-CV-07867-SVW-JC, 2020 WL 2949831, at *4 (C.D. Cal. Mar. 11, 2020) (concluding that post-arrest detention in a hot, unventilated police vehicle may constitute excessive force in violation of Fourth Amendment).

Although an "unnecessary exposure to heat" may cause a constitutional violation, see Dillman v. Tuolumne Cty., No. 1:13-CV-00404 LJO SKO, 2013 WL 1907379, at *10 (E.D. Cal. May 7, 2013), being briefly detained in uncomfortable conditions, such as a hot patrol car, does not amount to a constitutional violation. See Arias v. Amador, 61 F.Supp.3d 960, 976 (E.D. Cal. 2014) (post-arrest detention for approximately 15 minutes in "very hot" police car with window rolled down about 4 inches not in violation of the Fourth Amendment); Esmont v. City of New York, 371 F.Supp.2d 202, 214 (S.D.N.Y. 2005) (finding no Fourth Amendment violation where plaintiff held in hot police car for ten minutes without injury).

Here, Plaintiff does not provide sufficient factual allegations to support a Fourth Amendment claim. As a practical matter, Plaintiff fails to allege the length of his detention or otherwise assert any injury from such detention.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, 18 and 20 and fails to state a cognizable federal claim. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at

555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 25, 2020**              /s/ *Barbara A. McAuliffe*             
                                       UNITED STATES MAGISTRATE JUDGE